IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CANDELA CORPORATION and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL, | § § § § | |
| | § | Civil Action No. 9:06-CV-277 |
| *Plaintiffs*, | § § | |
| | § | JUDGE RON CLARK |
| v. | § § | |
| PALOMAR MEDICAL TECHNOLOGIES, INC., | § § § | |
| *Defendant*. | § § | |

# **ORDER**

Before the court is Defendant Palomar Medical Technologies, Inc.'s Letter Brief of May 23, 2008. In it, Palomar states that its first motion for summary judgment will be directed to invalidity and non-infringement of the method claims of the patents-in-suit, based on the argument that the patents are invalid for lack of enablement and that Palomar does not induce infringement of the method claims because there is no evidence that any physician uses the accused devices to treat wrinkles. Palomar also seeks to file a second motion for summary judgment, similarly directed to invalidity and non-infringement issues. With the exception of Palomar's argument that it is not liable for any pre-suit damages (which is merely a subset of Palomar's contention that it does not induce infringement of two of the patents-in-suit because it did not have actual knowledge of the patents prior to 2006), Palomar's second motion for summary judgment apparently depends on the court's construction of certain claim terms. Candela has not responded to Palomar's letter brief.

As a preliminary matter, the court stated in its March 10, 2008 Order that "[e]ach side may file only one motion for summary judgment without leave" [Doc. # 105, at p. 2].  The procedure for filing any additional motions for summary judgment are set out in detail in that Order.  The parties may not circumvent the plain language of the court's order simply by placing two motions for summary judgment – one on invalidity and one on non-infringement– in the same document.  In essence, what Palomar seeks to file is four motions for summary judgment: two each on invalidity and non-infringement.

The court will limit Palomar to two motions for summary judgment, namely the two described in its letter brief in the section entitled "Palomar's First Motion for Summary Judgment as a Matter of Right."  The court sees no benefit in allowing motions based on constructions which have not been made.

So **ORDERED** and **SIGNED** this **5**   day of **June, 2008.**

_____
  Ron Clark, United States District Judge