IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CANDELA CORPORATION and THE GENERAL HOSPITAL CORPORATION d/b/a MASSACHUSETTS GENERAL HOSPITAL, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 9:06-CV-277 |
| v. | § § | JUDGE RON CLARK |
| PALOMAR MEDICAL TECHNOLOGIES, INC., | § § § § | |
| Defendant. | § | |

FILED
M. October 7, 2008
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

## JURY VERDICT FORM

### Question No. 1

Do you find by a preponderance of the evidence that Defendant Palomar Medical Technologies, Inc.'s Lux 1540 handpiece in combination with either of the following base units infringes any of the following claims of the '801 patent? Answer "Yes" or "No" as to each claim:

|  | StarLux 300 | StarLux 500 |
|---|---|---|
| Claim 11 | No | No |
| Claim 12 | No | No |
| Claim 13 | No | No |
| Claim 14 | No | No |

**Please answer Question No. 2.**

## Question No. 2

Do you find by a preponderance of the evidence that Defendant Palomar Medical Technologies, Inc.'s Lux 1540Z handpiece in combination with either of the following base units infringes any of the following claims of the '801 patent? Answer "Yes" or "No" as to each claim:

|          | StarLux 300 | StarLux 500 |
|----------|-------------|-------------|
| Claim 11 | No          | No          |
| Claim 12 | No          | No          |
| Claim 13 | No          | No          |
| Claim 14 | No          | No          |

**Please answer Question No. 3.**

## Question No. 3

Do you find by a preponderance of the evidence that Defendant Palomar Medical Technologies, Inc.'s Lux IR handpiece in combination with either of the following base units infringes any of the following claims of the '801 patent? Answer "Yes" or "No" as to each claim:

|          | StarLux 300 | StarLux 500 |
|----------|-------------|-------------|
| Claim 11 | No          | No          |
| Claim 14 | No          | No          |

**Please answer Question No. 4.**

## Question No. 4

Do you find by a preponderance of the evidence that Defendant Palomar Medical Technologies, Inc.'s Lux Deep IR handpiece in combination with either of the following base units literally infringes any of the following claims of the '801 patent? Answer "Yes" or "No" as to each claim:

|          | StarLux 300 | StarLux 500 |
|----------|-------------|-------------|
| Claim 11 | No          | No          |
| Claim 14 | No          | No          |

**If you answered "Yes" for one or more of the claims in Question Nos. 1, 2, 3, or 4, then please answer Question No. 5. Otherwise, please answer Question No. 6.**

## Question No. 5

Do you find by clear and convincing evidence that such infringement by Palomar was willful? Answer "Yes" or "No":

Yes _____

No _____

**Please answer Question No. 6.**

## Question No. 6

Do you find by clear and convincing evidence that any of the following claims of the '801 patent are invalid because they are anticipated by one of the references listed below? Answer "Yes" or "No" for each claim and reference:

|     |                                                  | Claim 11 | Claim 12 | Claim 13 | Claim 14 |
|-----|--------------------------------------------------|----------|----------|----------|----------|
| (A) | International PCT App. No. WO 97/37723 to Hennings | No       | No       | No       | No       |
| (B) | U.S. Patent No. 5,964,749 to Eckhouse            | No       | No       | No       | No       |
| (C) | U.S. Patent No. 5,897,549 to Tankovich           | No       | No       | No       | No       |
| (D) | New Star 130 Laser (Cool Touch).                 | Yes      | Yes      | Yes      | Yes      |

**Please answer Question No. 7.**

## Question No. 7

Do you find by clear and convincing evidence that any of the following claims of the '801 patent are invalid for being obvious to one of ordinary skill in the art in light of one of the combinations of references listed below? Answer "Yes" or "No" for each claim and reference:

|     |                                                                                                                              | Claim 11 | Claim 14 |
|-----|------------------------------------------------------------------------------------------------------------------------------|----------|----------|
| (A) | U.S. Patent No. 5,964,749 to Eckhouse and U.S. Patent No. 5,897,549 to Tankovich                                             | Yes      | Yes      |
| (B) | '749 patent to Eckhouse, '549 patent to Tankovich, and U.S. Patent No. 5,755,753 to Knowlton                                 | Yes      | Yes      |
| (C) | '749 patent to Eckhouse, '549 patent to Tankovich, and "Wrinkles shrivel under fire from pulsed lasers" in New Scientist by Kincade | Yes | Yes |
| (D) | '549 patent to Tankovich, U.S. Patent No. 5,814,040 to Nelson, and '753 patent to Knowlton                                   | Yes      | Yes      |

**Please answer Question No. 8.**

## Question No. 8

Do you find by clear and convincing evidence that the '801 patent does not enable one of ordinary skill in the art to make and use the claimed invention? Answer "Yes" or "No" for each claim:

Claim 11   NO

Claim 12   NO

Claim 13   NO

Claim 14   NO

**If you answered "Yes" for any claim in Question Nos. 1, 2, 3, or 4 and "No" for that same claim in Question Nos. 6, 7, and 8, please answer Question 9. Otherwise, please initial and date the verdict form.**

## Question No. 9

What sum of money, if any, do you find would fairly and adequately compensate Candela and Massachusetts General Hospital for the profits they would have made on sales lost:

    (A) from the commencement of infringement through the day before this suit was filed; and

    (B) from the date this suit was filed (December 19, 2006) through today?

Answer in dollars and cents:

(A)    $_____

(B)    $_____


**Please answer Question No. 10.**

## Question No. 10

For any infringing sales by Palomar for which Candela and Massachusetts General Hospital have not proven their entitlement to lost profits, what sum of money, if any, do you find is adequate as a reasonable royalty to compensate Candela and Massachusetts General Hospital for the conduct you found to infringe:

    (A) from the commencement of infringement through the day before this suit was filed; and

    (B) from the day this suit was filed (December 19, 2006) through today?

Answer in dollars and cents:

(A)   $_____

(B)   $_____


**Please answer Question No. 11.**


## Question No. 11

What royalty rate, if any, do you find is adequate to compensate Candela and Massachusetts General Hospital for the conduct you found to infringe that occurs in the future? Answer in a percentage:

_____%


**Please answer Question No. 12.**

## Question No. 12

Do you find by a preponderance of the evidence that Candela and Massachusetts General Hospital properly marked substantially all their Smoothbeam products with the '801 patent number? Answer "Yes" or "No":

Yes     _____

No      _____

**Please date and initial the verdict form.**

Date October 7, 2008     Initials of Foreperson _____